**PORT DISTRIBUTING CORP.,**
Plaintiff–Appellant,

v.

**William PFLAUMER, Defendant–Appellee.**

No. 473, Docket 95–7394.

United States Court of Appeals,
Second Circuit.

Argued Nov. 8, 1995.

Decided Nov. 15, 1995.

Roy A. McKenzie, New York City, for Plaintiff–Appellant.

Gregg J. Borri, New York City (Cohen, Shapiro, Polisher, Shiekman & Cohen, Philadelphia, Pennsylvania, on the brief), for Defendant–Appellee.

Before LUMBARD, KEARSE and WINTER, Circuit Judges.

PER CURIAM:

Plaintiff Port Distributing Corp. ("Port") appeals from a final judgment of the United States District Court for the Southern District of New York, Loretta A. Preska, *Judge*, dismissing its complaint against defendant William Pflaumer seeking to recover on Pflaumer's guarantee of promissory notes given by G. Heileman Brewing Co. ("Heileman") in connection with Heileman's purchase of a beer distributorship theretofore owned by Port. The district court granted summary judgment in favor of Pflaumer on the ground that there was no genuine dispute as to the facts that, contemporaneously with Heileman's purchase of the distributorship from Port and Pflaumer's guarantee of Heileman's indebtedness, Heileman and Port executed an agreement (the "Security Agree-ment") in which Heileman granted Port a purchase money security interest in the distributorship; that Port failed to perfect that security interest within 20 days thereafter under Uniform Commercial Code § 9–312(4); and that that failure made Port's interest subordinate, in Heileman's bankruptcy proceeding, to the interest of Heileman's bondholders. The court concluded that Port's failure to perfect its security interest in timely fashion impaired Port's ability to seek satisfaction of the debt out of the collateral and thus, under applicable principles of New York law, relieved Pflaumer of his obligations under the guarantee, *see, e.g., Executive Bank of Fort Lauderdale, Florida v. Tighe,* 66 A.D.2d 70, 411 N.Y.S.2d 939, 944 (2d Dep't 1978), *modified on other grounds,* 54 N.Y.2d 330, 445 N.Y.S.2d 425, 429 N.E.2d 1054 (1981). On appeal, Port contends principally that the district court erred because if Port received a security interest, that interest was extinguished by Heileman's subsequent sale of rights in the distributorship to a third party. Finding no merit in Port's contentions, we affirm substantially for the reasons stated in Judge Preska's Memorandum and Order dated March 17, 1995, published at 880 F.Supp. 204.

The documentary evidence was unambiguous. Defining the sale agreement between Port and Heileman as "the 'Port Agreement,'" the Security Agreement stated that Heileman granted Port "a first priority security interest in the Assets and the Distribution Rights" "[a]s security for the performance of obligations by Heileman under the Port Agreement." The documents reflecting the resale of the distributorship by Heileman to Midway Beverage Corp. ("Midway") on the same day as Port's sale to Heileman did not purport to extinguish the security interest that Heileman gave Port. Rather, the document on which Port principally relies stated that Heileman conveyed to Midway the interest that Heileman had received from Port, and it recited that Heileman had acquired the distributorship from Port "subject to a security interest ... granted by Heileman to Port."

Further, after the resale, Port proceeded to try to protect and enforce its security

interest. Among other things, it caused UCC–1 financing statements to be filed; it consulted a bankruptcy attorney with respect to its rights against Heileman in connection with Port's "security interest" in the distributorship; and it filed a bankruptcy claim against Heileman, designating its claim as one that was "Secured" and attaching as documentation its Purchase and Sale Agreement and the Security Agreement. The district court correctly concluded that Port's contention that it had no purchase money security interest in the distributorship did not raise a genuine issue of fact to be tried. In light of the principles of New York law discussed in the district court's opinion, summary judgment dismissing the complaint was proper.

We have considered all of Port's contentions on this appeal and have found them to be without merit. The judgment of the district court is affirmed.